# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL HACKNEY,

          Petitioner,      :     Case No. 1:17-cv-564

  - vs -                          District Judge Susan J. Dlott
                                   Magistrate Judge Michael R. Merz

Warden,
  Southeastern Correctional Institution

                                  :

          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Michael Hackney, is before the Court for decision upon the Petition (ECF No. 4), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Reply (ECF No. 15). Petitioner pleads two grounds for relief.

> **Ground One:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** Trial counsel was ineffective for stipulating to the weight of the cocaine used against Mr. Hackney when there was no test for its purity. Trial counsel made a motion for a *Franks* hearing but should have made a motion to suppress based on Mr. Hackney illegal seizure without probable cause to arrest. Trial counsel provided erroneous legal advice concerning a plea bargain.
>
> **Ground Two:** Petitioner's right to due process was violated when the court allowed hearsay testimony to be used against him and violated his rights to confront the witness.
>
> **Supporting Facts:** On direct appeal to the Court of Appeals, First Appellate District of Ohio, the First District agreed with Mr. Hackney that the hearsay testimony from the CI violated his rights to confront the witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

(Petition, ECF No. 4, PageID 39-41.)

**Litigation History**

A Hamilton County grand jury indicted Hackney on December 31, 2014, on two counts of trafficking cocaine, one count of possession of cocaine and one count of having weapons while under disability. After denial of Hackney's motion to suppress, the case proceeded to jury trial and he was convicted on all the charged counts. He was sentenced to an aggregate prison term of fourteen years which was later reduced to eleven.

On appeal in the state court, the First District reversed Hackney's conviction on the first count of trafficking because it found he had been convicted in violation of his rights under the Confrontation Clause and without the hearsay testimony of the informant, the State had not proven guilt beyond a reasonable doubt. *State v. Hackney*, 2016-Ohio-4609 (1st Dist. Jun. 29, 2016), appellate jurisdiction declined, 2016-Ohio-8348 (Dec. 28, 2016). The convictions for the other count of trafficking and for having weapons under disability were upheld and his claims of ineffective assistance of trial counsel were overruled.

After completion of consideration by the Supreme Court of Ohio, Hackney filed his Petition in this Court. The Answer raises no affirmative defenses, but contends this Court should defer to the First District's decision under the AEDPA.

# Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Petitioner contends his trial attorney provided ineffective assistance of counsel by (1) stipulating to the weight of the cocaine used against Mr. Hackney when there was no test for its purity, (2) not filing a motion to suppress, and (3) providing erroneous legal advice concerning a plea bargain.

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

> hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Hackney presented an ineffective assistance of trial counsel claim on direct appeal which the First District decided as follows (omitting sub-claims not pleaded in habeas corpus):

*V. Ineffective Assistance of Counsel*

**[*P35]** Finally, in his first assignment of error, Hackney contends that he was denied the effective assistance of counsel. He argues that his counsel was ineffective for failing to object to hearsay evidence and evidence of plea negotiations, stipulating to laboratory reports regarding cocaine weight, consenting to unrecorded sidebar conferences, failing to file a motion to suppress on appropriate grounds, and providing erroneous legal advice concerning a plea bargain. This assignment of error is not well taken.

**[*P36]** A court will presume that a properly licensed attorney is competent, and the defendant bears the burden to show ineffective assistance of counsel. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988); *State v. Bell*, 2015-Ohio-1711, ¶ 53, 34 N.E.3d 405 (1st Dist.). To sustain a claim for ineffective assistance of counsel, the defendant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bell* at ¶ 25.

**[*P37]** To establish that counsel's performance was deficient, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland* at 687-688; *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 51. Judicial scrutiny of counsel's performance must be highly deferential. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland* at 689; *Thomas* at ¶ 51. A defendant is not deprived of the effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988); *Thomas* at ¶ 51.

**[*P38]** To establish prejudice, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694; *Thomas* at ¶ 52. Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the proceeding was unreliable or fundamentally unfair because of counsel's performance. *Lockhart v. Fretwell*, 506 U.S. 364, 369-370, 113S.Ct. 838, 122 L.Ed.2d 180 (1993); *State v. Carter*, 72 Ohio St.3d 545, 558, 1995-Ohio-104, 651 N.E.2d 965 (1995); *Thomas* at ¶ 52.

***A. Failure to Object to Hearsay* [omitted]**

*B. Failure to Object to Evidence of Plea Negotiations* [omitted]

*C. Stipulation to Laboratory Reports*

**[\*P41]** Hackney next argues that his counsel was ineffective for stipulating to the laboratory reports regarding the weight of the cocaine. He relies on *State v. Gonzales*, 6th Dist. Wood No. WD-13-086, 2015-Ohio-461. In that case, the Sixth Appellate District held that in prosecuting cocaine offenses under R.C. 2925.11(C)(4)(a) through (f), the state must prove that the weight of the actual cocaine possessed by the defendant met the statutory threshold. Because the state failed to present evidence of the cocaine's purity, the court reversed the penalty enhancement. *Id.* at ¶ 47.

**[\*P42]** But that case is not binding authority in this district. *See State v. Dovangpraseuth*, 10th Dist. Franklin No. 05AP-88, 2006-Ohio-1533, ¶ 36; *Stapleton v. Holstein*, 131 Ohio App.3d 596, 598, 723 N.E.2d 164 (4th Dist.1998). In *State v. Fuller*, 1st Dist. Hamilton No. C-960753, 1997 Ohio App. LEXIS 4398 (Sept. 26, 1997), this court held that "[t]he quantity of the entire mixture, rather than the quantity of pure cocaine within the mixture, is used to determine the bulk amount." *Id.* at \*6. While the Ohio Supreme Court did agree to decide the issue, *see State v. Gonzales*, 143 Ohio St. 3d 1403, 2015-Ohio-2747, 34 N.E.3d 132, and *State v. Gonzales*, 143 Ohio St. 3d 1402, 2015-Ohio-2747, 34 N.E.3d 131, it has not yet ruled, and *Fuller* remains the law of this district.

**[\*P43]** Thus, it would have been futile for counsel to object to the report. Further, defense counsel's decision to stipulate to evidence is generally considered a tactical decision. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Chatman*, 10th Dist. Franklin No. 08AP-803, 2009-Ohio-2504, ¶ 16.

*D. Failure to Object to Unreported Sidebar Conferences* [omitted]

*E. Failure to File a Motion to Suppress on Appropriate Grounds*

**[\*P46]** Next, Hackney argues that trial counsel filed a motion to suppress based on the wrong ground. Counsel filed the motion on the basis that the affidavit contained a false statement under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). But at the hearing on the motion to suppress, he could not point to

any statement that was false. Instead, he argued that the affidavit was insufficient to show that Hackney was the individual who had sold drugs to the confidential informant. The trial court overruled the motion.

[*P47] Hackney now argues that counsel should have filed a motion to suppress based on the illegal stop of his vehicle. He relies on *Bailey v. United States*, [568 U.S. 186], 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013). In that case, the United States Supreme Court held that *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), which allows for a detention incident to the execution of a search warrant, "is limited to the immediate vicinity of the premises to be searched" and does not allow for a defendant to be detained at a point beyond any reasonable understanding of the immediate vicinity of the premises in question. *Bailey* at 1042. "Once an individual has left the immediate vicinity of the premises to be searched, * * * detentions must be justified by some other rationale." *Id.* at 1042-1043.

[*P48] The police offered two rationales for their stop of Hackney's car. The first justification falls squarely within the rule set forth in *Bailey*. The officers stated that they had watched Hackney leave the premises to be searched and get into his car. They followed his car and stopped him some distance away from the premises for purposes of officer and bystander safety.

[*P49] Nevertheless, the police officers also stated that they had stopped Hackney's vehicle to arrest him for drug trafficking based on the sale to the informant. An arrest without a warrant in a public place is valid if the arresting officer had probable cause to make it. *State v. Timson*, 38 Ohio St.2d 122, 126-127, 311 N.E.2d 16 (1974); *Cincinnati v. Bryant*, 1st Dist. Hamilton No. C-090546, 2010-Ohio-4474, ¶ 14. As we have previously stated, probable cause is a lesser standard than proof beyond a reasonable doubt. *George*, 45 Ohio St.3d at 329, 544 N.E.2d 640; *Bremenkamp*, 1st Dist. Hamilton Nos. C-130819 and C-130820, 2014-Ohio-5097, at ¶ 11; [**22] *Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507, at ¶ 84.

[*P50] At the time of Hackney's arrest, Bode and the other officers had facts and circumstances within their knowledge sufficient to warrant a prudent individual to believe that Hackney had committed or was committing an offense. Therefore, they had probable cause to make the arrest, and it did not violate Hackney's Fourth Amendment rights. *See State v. Heston*, 29 Ohio St.2d 152, 155-156, 280 N.E.2d 376 (1972); *State v. Deters*, 128 Ohio App.3d 329, 333, 714 N.E.2d 972 (1st Dist.1998).

**[\*P51]**  Because the police had an alternate reason to stop Hackney, a motion to suppress based on *Bailey* would ultimately not have been successful. Therefore, the failure to file the motion was not prejudicial. *See State v. Brown*, 115 Ohio St. 3d 55, 2007-Ohio-4837, ¶ 65, 873 N.E.2d 858; *Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, at ¶ 53.

*F. Erroneous Plea-Bargain Advice*

**[\*P52]**   Finally, Hackney argues that trial counsel provided erroneous advice concerning a plea bargain. He relies on *Lafler v. Cooper*, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), in which the United States Supreme Court held that the Sixth Amendment right to counsel applies to the plea-bargaining process. *Id.* at 1384. But in that case, the record showed that the defendant had refused to accept the plea bargain based on the advice of counsel. He went to trial, was found guilty, and received a much more severe sentence than he would have received under the plea bargain. *Id.* at 1386. Therefore, the United States Supreme Court reversed the conviction and remanded the matter to the trial court with instructions for it to order the state to reoffer the plea agreement. *Id.* at 1391.

**[\*P53]**  In this case, the record shows that the prosecutor put the plea offer on the record. The trial court advised Hackney to discuss the matter with his counsel, and, after doing so, Hackney rejected the plea offer. The record does not show what counsel's advice to Hackney was. Counsel very well could have told him to take it, and Hackney rejected that advice. Nothing in the record shows that but for counsel's advice, Hackney would have accepted the plea deal. Consequently, he cannot show ineffective assistance of counsel on that basis.

**[\*P54]**   The record shows that generally, Hackney's counsel provided him with a diligent defense. Hackney has not demonstrated that counsel's performance was deficient or that but for counsel's deficient performance, the result of the proceeding relating to Counts 2 and 4 would have been different or that the result of the proceeding was unreliable or fundamentally unfair. Therefore, he has failed to meet his burden to show ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687-689, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bell*, 2014-Ohio-1711, at ¶ 53-55, 34 N.E.3d 405. We, therefore, overrule his first assignment of error.

*State v. Hackney,* 2016-Ohio-4609.

Since the First District decided Hackney's ineffective assistance of trial counsel claims on the merits, his burden in habeas is to show that that decision was contrary to or an objectively unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States or that it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Hackney does not claim that the First District's decision was contrary to the relevant Supreme Court precedent, *Strickland v. Washington, supra*. He also does not argue either sub-claim one or sub-claim three in his Traverse. Having independently considered sub-claims one and three, the Magistrate Judge concludes that the First District's decision on these claims is an objectively reasonable application of *Strickland*. The stipulation as to weight is a common stipulation in trials of this sort. It avoids boring the jury with testimony that will not reasonably be contested. As to the allegedly erroneous plea bargain advice, the First District correctly noted that the advice did not appear of record. Thus, to have pursued a claim of ineffective assistance of trial counsel as to the extra-record matters, Hackney would have had to file a petition for post-conviction relief under Ohio Revised Code § 2953.21, which he has not done.

Hackney's argument instead is entirely devoted to sub-claim two, to wit, that he would have won a motion to suppress hearing if it had been based on *Bailey v. United States*, 568 U.S. 186 (2013). However, the Magistrate Judge concludes the First District's decision on this sub-claim is correct. In *Bailey* the Supreme Court held that detention and search of persons incident to execution of a search warrant is only lawful if those persons are in close geographical proximity to the scene being searched. But here, as the First District reasonably found, the stop of Hackney's vehicle was justified on an alternative basis, to wit, that the officers had probable cause to believe

he had committed a drug trafficking felony. The officers had searched the confidential informant for drugs before he went into the building where Hackney lived and he was clean. They had provided him with recorded buy money. When he came out, he had crack cocaine and no buy money. The officers followed Hackney from that building to the place where he was stopped. Although ultimately they failed to prove at trial that Hackney had made the sale, that was because of the failure to present to informant for cross-examination. That does not establish that the informant's information at the time of the sale was unreliable.

Hackney reminds the Court that there is a preference in the law for arrests made with arrest warrants, rather than arrests without (Traverse, ECF No. 15, PageID 561, citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). But nothing in *Gerstein* or its progeny in the Supreme Court holds that a warrantless arrest on probable cause precludes a search incident to that arrest, which is what happened here. The First District's conclusion that the officers had probable cause is neither an unreasonable determination of the facts nor an objectively unreasonable application of the law. Therefore, that court's conclusion that a motion to suppress based on *Bailey* would ultimately have been unsuccessful is entitled to deference under *Strickland*.

Petitioner's First Ground for Relief should therefore be dismissed.

**Ground Two: Violation of the Confrontation Clause**

In his Second Ground for Relief, Petitioner argues that his Confrontation Clause rights were violated when the confidential informant's identifying information was used against him regarding his conviction on the second charge of trafficking[1] and the weapons under disability

---

[1] The possession count was merged with the second trafficking count under Ohio Revised Code § 2941.25.

count. The argument seems to be that the hearsay evidence from the informant, inadmissible under the Confrontation Clause, tainted the evidence used for the convictions on the other two counts.

The First District concluded admission of hearsay from the informant violated Hackney's Confrontation Clause rights as to the cocaine bought by the informant. Excluding that testimony, it found there was insufficient evidence to convict on that count. Hackney claims the First District "affirmed the remaining counts without analyzing the effect of the hearsay on the remaining counts." (Traverse, ECF No. 15, PageID 565). The Magistrate Judge disagrees. The First District held:

> **[*P25]** Hackney contends that the error also affected his other convictions. We disagree. Those convictions were based on evidence stemming from the execution of a valid search warrant. *See Matthews*, 1st Dist. Hamilton Nos. C-060669 and C-060692, 2007-Ohio-4881, at ¶ 12. While the hearsay was inadmissible at trial, hearsay statements adequately supported the application for the search warrant, because there was a factual basis for the information the informant had relayed, and there was a sufficient basis to determine the informant's reliability. *See State v. Karr*, 44 Ohio St. 2d 163, 165, 339 N.E.2d 641 (1975); *State v. Urdiales*, 3d Dist. Henry No. 7-15-03, 2015-Ohio-3632, ¶ 18-19, 38 N.E.3d 907; *State v. Greene*, 1st Dist. Hamilton No. C-790524, 1980 Ohio App. LEXIS 10685, *3-4 (July 30, 1980).
>
> **[*P26]** Further, the police had probable cause to believe that drugs would be found at the Loiska Lane address and to arrest Hackney after the alleged sale to the informant. Probable cause is a lesser standard of proof than that required for a conviction, which is proof beyond a reasonable doubt. Probable cause only requires the existence of circumstances that warrant suspicion. *State v. George*, 45 Ohio St.3d 325, 329, 544 N.E.2d 640 (1989); *State v. Bremenkamp*, 1st Dist. Hamilton Nos. C-130819 and C-130820, 2014-Ohio-5097, ¶ 11; *State v. Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507, ¶ 84.

*State v. Hackney,* 2016-Ohio-4609. Although the State could not ultimately convict Hackney on the first count without the inadmissible evidence, it did have probable cause to obtain a search

warrant for Hackney's residence. Testimony given in support of probable cause for a search warrant is not subject to a Confrontation Clause test. That Clause requires the exclusion of testimonial evidence offered at trial which has not been subjected to cross-examination. *Crawford v. Washington*, 541 U.S. 36 (2004). While the confidential informant's information provided an important link in the chain of evidence leading to the search warrant and subsequent seizure of drugs and a firearm, that information was not used as testimony to convict on the second trafficking count and the weapons charge. To the contrary, the officers could testify directly and be cross-examined about what they found on execution of the warrant. Put another way, the judge's determination that there was sufficient probable cause to authorize a search warrant broke the causal chain of connection between the inadmissible hearsay and the seizure by providing an independent evaluation of that evidence, one not subject to Confrontation Clause analysis.

Hackney suggests the First District "may not have addressed the constitutional issue" raised by him about the impact of the inadmissible hearsay on the second count (Traverse, ECF No. 15, PageID 566). To the contrary, the First District clearly separated the analysis of the first and second counts of trafficking and provided a correct analysis as to the second. So far as the record shows, trial counsel did not ask the trial court to distinguish the two counts or to instruct the jury to ignore any impact of hearsay from the first count on its verdict as to the second count. In fact, the First District found trial counsel did not object to the hearsay at all after his first objection. *State v. Hackney, supra*, at ¶ 24. The First District clearly did decide the issue, however much Petitioner might wish their explanation had been fuller. A habeas court reviews decisions of state courts, and not the completeness of their explanations of their decisions. *Harrington v. Richter,* 562 U.S. 86 (2011).

Hackney's Traverse provides a lengthy argument as to why the First District's decision, interpreted as making a harmless error analysis, fails on that count. (Traverse, ECF No. 15, PageID 567-76). But the First District did not engage in any harmless error analysis at all. That is because the hearsay evidence objected to was inadmissible for one purpose (conviction of Count One), but admissible for a second purpose, explaining the background to the obtaining and execution of the search warrant.

**Conclusion**

The First District's decision in this case is neither contrary to nor an objectively unreasonable application of clearly established federal law as determined in Supreme Court precedent. Nor is it based on an unreasonable determination of the facts, given the evidence presented in the state courts. It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 2, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).