# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL HACKNEY,

    Petitioner,   :  Case No. 1:17-cv-564

 - vs -           District Judge Susan J. Dlott
               Magistrate Judge Michael R. Merz

Warden,
 Southeastern Correctional Institution

               :

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

  This habeas corpus case is before the Court on the Report and Recommendations (ECF No. 17) of United States Magistrate Judge Michael R. Merz to whom this case was referred pursuant to the General Order of Reference for this District. Petitioner has objected (ECF No. 20).

  The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered de novo all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

  Petitioner makes no objection to the Magistrate Judge's conclusion that Ground One, ineffective assistance of trial counsel, should be dismissed.

  In his Second Ground for Relief, Petitioner argues that both his due process and Confrontation Clause rights were violated when the confidential informant's identifying information was used against him regarding his conviction on the second charge of trafficking and the weapons under disability count. The First District Court of Appeals had found a violation of

1

the Confrontation Clause in admission of the informant's out-of-court statements on the count of the indictment charging Hackney with sale of drugs to the informant. Excluding that testimony, it acquitted Hackney on the sale count. However, it found that the informant's statements provided sufficient probable cause for a judge to issue the search warrant that led to seizure of drugs and a firearm.

In his Traverse Hackney criticized the appellate decision for not addressing the "constitutional issue" of the impact of this inadmissible hearsay on the second count. (ECF No. 15, PageID 566). The Report, however, quoted verbatim the portion of the state court decision which did consider the impact of the inadmissible hearsay on the second count. (Report, ECF No. 17, PageID 590, quoting *State v. Hackney*, 2016-Ohio-4609 ¶¶ 25-26 (1st Dist. Jun. 29, 2016)). The Magistrate Judge then noted that a "habeas corpus court reviews decisions of state courts, and not the completeness of their explanations of their decisions." (Report, ECF No. 17, PageID 591, citing *Harrington v. Richter*, 562 U.S. 86 (2011)). He also noted that trial counsel had not asked the court to instruct the jury to separate its consideration of the informant's statements as between Counts One and Two and indeed had largely failed to object to the hearsay at all. *Id.*.

In his Objections, Petitioner relies on *Matthews v. Sheets*, 2009 U.S. Dist. LEXIS 124932 (S.D. Ohio Nov. 25, 2009)(Hogan, M.J.), adopted, 2010 U.S. Dist. LEXIS 12170 (S.D. Ohio, Feb. 11, 2010)(Beckwith, J.), aff'd., 2012 U.S. App. LEXIS 21977 (6th Cir. 2012). Significantly, *Matthews* was decided before *Harrington v. Richter, supra.* at the time of the *Matthews* decision, habeas courts reviewed constitutional claims de novo where the state court did not properly assess the merits of a claim. *Matthews* was also decided before *Cullen v. Pinholster*, 563 U.S. 170 (2011), which prevented habeas courts from considering evidence adduced in the habeas proceedings. *Harrington* and *Pinholster* significantly restricted the scope of review in habeas.

In *Matthews* Magistrate Judge Hogan found that some, but not all, of the testimony admitted against Matthews should have been excluded under the Confrontation Clause. Nevertheless, he found its admission harmless, applying the harmless error standard in habeas corpus from *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Matthews had raised only Confrontation Clause claims in both state and federal courts.

*Matthews* is further distinguishable from this case because it involved only one relevant count: trafficking or possession with intent to distribute the large amount of cocaine seized from Matthews' person on execution of a search warrant. Here there were two counts: the sale to the confidential informant (where the informant's statements were excluded un the Confrontation Clause) and the drugs found in the apartment when a warrant was executed. It is true that the link between the apartment and Hackney was first established with the informant's statements, but that statement was evaluated by the warrant-issuing judge in a proceeding to which the Confrontation Clause does not apply and then significant further evidence tied Hackney to that address, including his possession of a key to open the door and his explanation of how he came to possess the firearm found there.

In this case also, Hackney raised only a Confrontation Clause argument in his Second Assignment of Error (Appellant's Brief, State Court Record, ECF No. 9, PageID 89, 99-102). Thus to the extent Hackney attempts to raise a separate due process claim in his Second Ground for Relief, that claim is barred by procedural default in failing to fairly present the claim to the state courts.

In sum, the Confrontation Clause does not bar conviction on the second and third counts because the elements of those counts were adequately proved by evidence other than that provided by the informant. The Due Process Clause does not bar conviction of those counts because this

claim was never raised in the state courts.

Accordingly, it is hereby ORDERED that the Petition herein be dismissed with prejudice and that Petitioner be denied a certificate of appealability. The Court hereby certifies to the Sixth Circuit Court of Appeals that any appeal from this Order would be objectively frivolous.

April 22, 2019.

 Susan J. Dlott_____\
Susan J. Dlott\
United States District Judge